## Peluso v. American Chain & Cable Co., Inc., et al.

*J. Elder Bryan*, for plaintiff.

*Jamison, Matheny & Graham*, for defendants.

LAMOREE, J., February 28, 1942.—This case comes before the court on appeal and exceptions to the action of the Workmen's Compensation Board. Claimant was awarded compensation by the referee for an industrial accident resulting in a right inguinal hernia. Upon appeal to the Workmen's Compensation Board by defendant, the findings of the referee were sustained and compensation was awarded, whereupon defendant has prosecuted the present appeal to this court.

The facts are briefly as follows: Claimant began work for defendant company on December 31, 1940, and on January 1, 1941, in the course of his employment, he was carrying a woven wire gate with three other workmen to a place where it was to be erected. While carrying the gate it was necessary for the workmen to cross a railroad track, the railroad ties being covered with frost, and while crossing the track claimant slipped on a frosty tie and fell in a sitting position with the corner of the gate across his lap and next to his abdomen. When asked by another workman whom claimant referred to as "the boss", as to whether he was hurt, claimant answered "no, no, I am not hurt, not as I know of". The accident happened in the morning and claimant did not discover that he was ruptured until that night, when he examined himself in his home. Claimant states that he informed the "boss" of his condition the next day, although the testimony of claimant on this point is contradicted. The referee and the board find that complaint was made on January 9, 1941. Claimant had suffered two previous hernias, and the present hernia is on the site of an old scar and has been termed a recurrent hernia. The referee found claimant to be entitled to recover compensation, not under the hernia amendment, section 306($h$) of The Workmen's Compensation Act of June 2, 1915, P. L. 736, added by the act of June 21, 1939, P. L. 520, but under section 306($b$) of the act. On appeal taken by defendant the Compensation Board affirmed the award granted to claimant.

Appellant claims that section 306($h$), 77 PS §515, is applicable to the facts in the case before us. We are of the opinion that that section of the act applies to new hernias and not to recurrent hernias. Nowhere in that section is any mention made of recurrent hernias. The symptoms and manifestations of hernia described in that section of the act apply to new hernias.

Appellant also contends that if section 306 (*b*) of the act is applicable then claimant has no right to recover because of the fact that the referee found that claimant did not make a formal complaint of his injury until January 9, 1941. With this contention we do not agree, for the testimony discloses that at the time complainant fell his immediate superior, Robert T. Hignet, was present and saw the accident. We are of the opinion that where the employer or his representative is present and sees an accident occur formal notice need not be given before liability attaches. That, because the employer has notice of the accident and an opportunity to make such investigation as the circumstances surrounding the accident warrant. In the case of William Floyd Leight v. Uhl Construction Co. et al. at no. 115, September term, 1940, our court stated:

"It is not in the nature of a good workman to yield at once. Many a man would consider it a point of pride not to drop the burden in his hands and throw it upon another man, forcing himself to stagger along with his burden to the end of the carry. To a workingman his wages mean everything. It is not only for himself but for his family that he strives. Consequently many a man continues work or attempts to do so when he should stop immediately."

The symptoms and manifestations of a recurrent hernia are not necessarily the same as the symptoms and manifestations of a new hernia. A recurrent hernia is obviously an injury which can result in partial disability. As such we feel that the facts in this case may well come under section 306 (*b*), 77 PS §512.

Accordingly, we make the following

*Order*

February 28, 1942, the first, second, third, fourth, fifth, and sixth assignments of error of defendants are each severally overruled and refused. The findings

of fact, conclusions of law, and order of the referee are affirmed and the appeal is dismissed, and judgment is hereby entered in favor of Eugene Peluso and against American Chain & Cable Co., Inc., Page Steel and Wire Division, and American Mutual Liability Insurance Company, insurance carrier, for the total sum of $2,499, being compensation for 50 percent disability at the rate of $8.33 per week, beginning January 10, 1941, and continuing for a period of 300 weeks thereafter.

The said judgment shall bear interest on deferred payments of compensation at the rate of six percent per annum, as provided by section 410 of The Workmen's Compensation Act, commencing January 17, 1941, and shall include the costs accruing before the workmen's compensation authorities. This award shall be subject, however, to future termination or modification if claimant's disability ceases or changes in extent or character, or to commutation thereof as provided by law. All costs are placed upon defendants.